FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 27 2008

GREGORY C. LANGHAM
CLERK

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

08-MC-0033

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>               Plaintiff,<br>vs.<br>PLUS MONEY, INC. and MATTHEW LA MADRID,<br>               Defendants,<br>and<br>THE PREMIUM RETURN FUND LIMITED-LIABILITY LIMITED PARTNERSHIP; THE PREMIUM RETURN FUND II LIMITED-LIABILITY LIMITED PARTNERSHIP; THE PREMIUM RETURN FUND III LIMITED-LIABILITY LIMITED PARTNERSHIP; RETURN FUND, LLC; RETURN FUND II, LLC; RETURN FUND III, LLC; RETURN FUND IV, LLC; RETURN FUND V, LLC; RETURN FUND VI, LLC; PALLADIUM HOLDING COMPANY; and DONALD LOPEZ,<br>               Relief Defendants. | Case No.  08cv0764 BEN (NLS)<br><br>**PRELIMINARY INJUNCTION AND ORDER:  (1) FREEZING ASSETS; (2) APPOINTING A PERMANENT RECEIVER; (3) REQUIRING ACCOUNTINGS; AND (4) PROHIBITING THE DESTRUCTION OF DOCUMENTS** |

This matter came to be heard on Wednesday, May 14, 2008, upon the Court's Order to Show Cause dated April 30, 2008. On April 30, 2008, the Court also issued a Temporary Restraining Order freezing assets of the Defendants and Relief Defendants and prohibiting the destruction of documents.

The Court has considered the Complaint of the Securities and Exchange Commission (the "Commission"), the Application, the supporting Memorandum of Points and Authorities, Declarations and Exhibits. All parties appearing at the May 14, 2008 hearing have consented to the entry of this Order in its current form. Accordingly, the Court finds that:

A.  This Court has jurisdiction over the parties to, and the subject matter of, this action.

B.  Good cause exists to believe that Defendants Plus Money, Inc. ("Plus Money"), and Matthew "Beau" La Madrid, ("La Madrid"), and each of them have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business which constitute violations of Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(1), (2), and (4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

C.  The Commission has demonstrated a probability of success on the merits in this case; and the possibility of dissipation of assets.

D.  Good cause exists to believe that Defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

## I.

IT IS HEREBY ORDERED that the Commission's request for a preliminary injunction and for orders: (1) freezing assets; (2) appointing a permanent receiver (3) requiring accountings; and (4) prohibiting the destruction of documents is hereby GRANTED.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Plus Money and La Madrid and their officers, agents, servants, employees, attorneys, and those

persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    A.    employing any device, scheme, or artifice to defraud any client or prospective client; and

    B.    engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. § 80b-6(1) and (2).

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Plus Money and La Madrid and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in any pooled investment vehicle in violation of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

### IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Plus Money and La Madrid, and Relief Defendants The Premium Return Fund Limited-Liability Limited Partnership, The Premium Return Fund II Limited-Liability Limited Partnership, The Premium Return Fund III Limited-Liability Limited Partnership, Return Fund I, LLC, Return Fund II, LLC, Return Fund III, LLC, Return Fund IV, LLC, Return Fund V, LLC, Return Fund VI, LLC, Palladium Holding Company, and Donald Lopez (collectively, the "Relief Defendants"), and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive

actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located, of Plus Money, La Madrid, or the Relief Defendants, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or the credit arrangement, of Plus Money, La Madrid, or the Relief Defendants, and their subsidiaries and affiliates.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate and continuing freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Plus Money, La Madrid, or the Relief Defendants, or any trust, partnership, joint venture, person or entity affiliated with them (including subsidiaries), including but not limited to the following accounts:

| Financial Institution | Account Name | Account Number |
|---|---|---|
| Bank of America | Matthew La Madrid dba Vision Quest Investments | 02600-9593 |
| California Bank & Trust | Matthew La Madrid | 2030026026 |
| Charles Schwab & Co. | The Premium Return Fund I, L.L.L.P A Partnership | 8039-0141 |

| Financial Institution | Account Name | Account Number |
|---|---|---|
| Charles Schwab & Co. | The Premium Return Fund II, LLL A Partnership | 5045-7535 |
| Charles Schwab & Co. | The Premium Return Fund III, LL A Partnership | 6058-2121 |
| Charles Schwab & Co. | Matthew Eric La Madrid | 3080-1748 |
| Charles Schwab & Co. | Matthew Eric La Madrid | 4113-6563 |
| Charles Schwab & Co. | Matthew Eric La Madrid | 5333-3398 |
| Huntington National Bank | Palladium Holding Company | 27-001064-5 |
| Huntington National Bank | Palladium Holding Company | 29-001116-7 |
| Huntington National Bank | Donald Lopez | 20-010789-5 |
| EKN Financial Services, Inc. | Palladium Holding Company | 4419-5861 |

By way of clarification, the foregoing is not intended to preclude third parties from transferring assets or funds that were not obtained, directly or indirectly, from the Defendants, Relief Defendants, or the investors in the Funds, to counsel for Mr. La Madrid, Plus Money, The Premium Return Fund Limited-Liability Limited Partnership, The Premium Return Fund II Limited-Liability Limited Partnership, The Premium Return Fund III Limited-Liability Limited Partnership, Return Fund I, LLC, Return Fund II, LLC, Return Fund III, LLC, Return Fund IV, LLC, Return Fund V, LLC, and/or Return Fund VI, LLC in payment for legal fees (and associated costs) incurred on behalf of any of them, or to prohibit their counsel from applying such funds in payment for legal fees or costs.

## VI.

IT IS FURTHER ORDERED that Stephen Donell is appointed as permanent receiver of Plus Money, The Premium Return Fund Limited-Liability Limited Partnership, The Premium Return Fund II Limited-Liability Limited Partnership, The Premium Return Fund III Limited-Liability Limited Partnership, Return Fund I, LLC, Return Fund II, LLC, Return Fund III, LLC, Return Fund IV, LLC, Return Fund V, LLC, Return Fund VI, LLC, and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to,

full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of any of the entities in receivership and that such receiver is immediately authorized, empowered and directed:

 A. to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by any of the entities in receivership with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property;

 B. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, and all accounts over which any of their employees or agents have signatory authority, at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of any of the entities in receivership or which maintains any accounts over which any of the entities in receivership and/or any of their officers, employees or agents have signatory authority;

 C. to conduct such investigation and discovery as may be necessary to locate, account for and recover all of the assets of or managed by (and to account for and pursue recovery of the losses of) any of the entities in receivership and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

 D. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by any of the entities in receivership;

 E. to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of the entities in receivership and the assets under their management, and to file the accounting with the Court and deliver

copies thereof to all parties;

F. to make such payments and disbursements from the funds and assets taken into custody, control and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as permanent receiver;

G. to employ attorneys, accountants and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of the entities in receivership; and

H. to have access to, monitor, and redirect all mail (including email and facsimile) of the entities in receivership in order to review such mail which he or she deems relates to their business and the discharging of his or her duties as permanent receiver.

## VII.

IT IS FURTHER ORDERED that Plus Money, La Madrid, or the Relief Defendants, and their subsidiaries and affiliates, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers, or other property of or managed by Plus Money, La Madrid, and the Relief Defendants, or their subsidiaries or affiliates, shall forthwith give access to and control of such property to the permanent receiver.

## VIII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of Plus Money, La Madrid, or the Relief Defendants, or their subsidiaries or affiliates shall take any action or purport to take any action, in the name of or on behalf of Plus Money, La Madrid, and the Relief Defendants, or any of their subsidiaries or affiliates, without the written consent of the permanent receiver or order of this Court.

## IX.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of

this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Plus Money, La Madrid, or the Relief Defendants, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to any of these entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of any of the entities, wherever situated; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the temporary receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of any of the entities, or in any way to interfere with or harass the temporary receiver or his or her attorneys, accountants, employees or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## X.

IT IS FURTHER ORDERED that Defendants Plus Money and La Madrid, and the Relief Defendants, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the temporary receiver or his or her attorneys, accountants, employees or agents, in the conduct of the temporary receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the temporary receiver of the funds, assets, collateral, premises, and choses in action described above.

## XI.

IT IS FURTHER ORDERED that Defendants Plus Money and La Madrid shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## XII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the temporary receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his or her duties and responsibilities.

## XIII.

IT IS FURTHER ORDERED that Defendants Plus Money and La Madrid, each shall, within five days, of the date of issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of their assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number. The accountings shall include a description of the source(s) of all such assets. Such accountings shall be filed with the Court and copies shall be delivered to the Commission's Los Angeles Regional Office, located at 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036. After completion of the accountings, Plus Money and La Madrid, shall each produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying

1 | the accountings.

## XIV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Plus Money and La Madrid, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendants Plus Money, La Madrid, or the Relief Defendants.

## XV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: May 16, 2008

Hon. Roger T. Benitez
United States District Judge

I hereby attest and certify on 5-22-08
That the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By_____ Deputy